UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBRA BUENROSTRO | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-cv-456 |
| | § | |
| COSTCO WHOLESALE CORPORATION | § | |
| *Defendant(s).* | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant, COSTCO WHOLESALE CORPORATION INC.) ("Costco), files this Notice of Removal under 28 U.S.C. §§ 1441, 1446, and 1332, and respectfully shows the Court the following:

**I.**
**Introduction**

1.1     On December 21, 2022, Plaintiff, DEBRA BUENROSTRO a personal injury lawsuit against Costco in the 224th Judicial District Court of Bexar County, Texas, under Cause No. 2022-CI-24471  ("the State Court Action"). *Plaintiff's Original Petition*, ***Ex. 1***. Ms. Beunrostro alleges that as she was walking in the Costco warehouse located in San Antoinio, Texas, she was run over by a bunch of shopping carts by an employee of COSTCO and fell allegedly as a result of a dangerous process occurring near customers. As a result, Ms. Benrostro seeks to recover damages.

1.2     The State Court Action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court in accordance with 28 U.S.C. § 1441. This is a civil action in which Plaintiff pleads in paragraph 15, the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1.3     On January 12, 2023, Plaintiff, through her process server, served Robert Solomon, purported Assistant Branch Manager, at 300 St Peter Centre Blvd, Saint Peters, MO 63376.

1.4    On January 19, 2023, Plaintiff's process server filed an Affidavit of Service stating the foregoing facts of the alleged service.    In this case, the defendant, Costco Wholesale Corporation, is a non-resident corporation. *See Affidavit of Service,* **Ex. 2.**

To effectuate proper service on a non-resident, citation may be served in the same manner as provided by Rule 106.[1] Tex. R. Civ. P. 108. Rule 106 requires citation to be served in-person to the defendant or by mailing to the defendant by registered or certified mail, return receipt requested.[2] Tex. R. Civ. P. 106.

Furthermore, to effectuate proper service on a corporation, citation may be served by serving the corporation's president or any vice-president,[3] or the corporation's registered agent.[4][5] Tex. Bus. Org. Code §§ 5.255, 5.201 and 5.206. If the corporation does not maintain a registered agent, or the corporation's registered agent cannot be found at the corporation's registered office, then service of process may be made on the Secretary of State.[6] Tex. Bus. Org. Code §§ 5.251, 5.252.

## II.
## The Parties

2.1    Plaintiff, DEBRA BUENROSTROis a Texas citizen who resided in Bexar County, Texas at the time of the accident at issue. *Plaintiff's Original Petition*, **Ex. 1**.

2.2    Defendant, Costco Wholesale Corporation, is a Washington corporation and its principal place of business is in Washington.

## III.
## Procedural Requirements for Removal

3.1    Removal is timely, as Plaintiff in this action failed to serve the president, vice-president(s) or registered agent of Defendant Costco with the citation and lawsuit. Rather, the

Affidavit of Service on file with the Court since January 19, 2023, shows Plaintiff incorrectly served Robert Solomon, purported Assistant Branch Manager, at 300 St Peter Centre Blvd, Saint Peters, MO 63376, on January 12, 2023. Based solely on the address where Mr. Solomon was allegedly "served," it appears he too is an employee of Gallagher Bassett, not Defendant Costco. Mr. Solomon does not fit the definitions of who may be served on behalf of Defendant Costco. In the case styled *Deutsche Bank Nat'l Trust Co., 775 F.3d 298, 2014 U.S. App. LEXIS 24527 (5th Cir. 2014)*, notice of removal was found to be timely as Defendant was not served properly and states in relevant part as follows:

> "Because loan transferee was never properly served, 30-day removal period never began to run; transferee timely removed case on diversity grounds within one year after learning of state court default judgment against it."

3.2    Written notice of the filing of this Notice of Removal is being given to Ms. Buenrostro and her counsel as required by Texas law. Further, Costco is filing a copy of this Notice with the Clerk of the Court for Bexar County, Texas where Ms. Mireles' cause was originally filed. *See Costco's Notice of Filing of Notice of Removal, **Ex. 3.***

Costco has submitted a copy of all processes, pleadings, and orders to this Court as required by 28 U.S.C. § 1446(a).

**IV.**
**Venue**

4.1    Venue in this district is proper because the Western District of Texas, San Antonio Division, includes Bexar County. Bexar County is the county where the alleged incident occurred and where the original lawsuit is pending. *Plaintiff's Original Petition*, at ¶ II.

**V,**
**Jurisdictional Basis for Removal**

5.1     Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5.2     First, complete diversity of citizenship exists between the parties. Plaintiff represents that she is a Texas resident. *Plaintiff's Original Petition*, ***Ex. 1***. Costco is the only named Defendant in this lawsuit. Ms. Buenrostro concedes that Costco is a "foreign" entity. For these reasons, complete diversity exists, and removal is appropriate on this ground.

5.3     Second, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**VI.**
**Jury Demand**

6.1     Costco made a jury demand in the State Court Action and paid the required fee. Upon removal, Costco continues to assert its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

**Prayer**

Defendant, COSTCO WHOLESALE CORPORATION prays that this Notice of Removal be deemed sufficient and that the proceedings attached hereto be removed from the 224th District Court of Bexar County, Texas to the docket of this Honorable Court.

Respectfully submitted,

**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205-1860
Telephone: (210) 349-0515
Telecopier: (210) 349-3666


By: _/s/ *Robert A. Valadez*_____
    ROBERT A. VALADEZ
    State Bar No. 20421845
    **rvaladez@shelton-valadez.com**
    **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above and foregoing was forwarded in accordance with the Federal Rules of Civil Procedure on the 14th day of April 2023, to:

***Via E-Service***
Blake Harmon
THE LAW OFFICE OF THOMAS J. HENRY
5711 University Heights Blvd., #101
San Antonio, Texas 78249
strujillo-svc@thomasjhenrylaw.com


/s/ *Robert A. Valadez*_____
ROBERT A. VALADEZ